UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | )    CASE NO. 11-68463-MHM |
| LEE'S FAMOUS RECIPES, INC. | ) |
| | ) |
| Debtor. | )'    CHAPTER 11 |
| | ) |

APPLICATION FOR APPROVAL
OF EMPLOYMENT OF JOHN EARL BUTTOLPH, ESQ.
AS SPECIAL COUNSEL TO DEBTOR

COMES NOW Lee's Famous Recipes, Inc. (hereinafter "Applicant" or "Debtor") and respectfully applies for approval to employ attorneys pursuant to 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002. The grounds for this Application are:

1.

On June 24, 2011 (the "Petition Date"), Applicant filed its voluntary petition for relief under Chapter 11 of Title 11, United States Code. For two years prior to the Petition Date, Applicant employed the law firm of John Earl Buttolph Esq. as its principal outside counsel to handle its general legal matters, including, without limitation, those related to corporate, business transactions, litigation, regulatory compliance, real estate, finance, commercial lending and commercial contracts matters. Debtor wishes to employ Mr. Buttolph as special counsel to continue to assist it with respect to regulatory compliance, corporate matters, commercial lending and finance matters, with the scope of Mr. Buttolph's retention being limited to the foregoing and reasonably related matters but not including conducting the Chapter 11 case or otherwise duplicating the work of Debtor's general bankruptcy counsel.

2.

Mr. Buttolph is familiar with Applicant's legal, business and operational problems, has extensive knowledge and experience in corporate transactions, litigation matters and the other types of legal matters described in paragraph 1 above, and is well qualified to represent Applicant. Due to his extensive knowledge and experience concerning Debtor, Mr. Buttolph's assistance as special counsel as requested herein will undoubtedly benefit Debtor's estate and by saving time and helping to minimize legal expense.

3.

To the best of Applicant's knowledge: (a) Mr. Buttolph represents no interests adverse to Applicant in the matters upon which the firm is to be engaged for Applicant; (b) Mr. Buttolph has had no connection with Applicant, its creditors or any party in interest, or their respective attorneys and accountants, except that Mr. Buttolph has served as Debtor's counsel prior to the Petition Date as described above, and on occasion Mr. Buttolph has also represented but no longer represents putative creditor (and former officer) John Tsern in certain tort and contract matters not adverse to Debtor, as disclosed more fully in Mr. Buttolph's attached Affidavit submitted herewith; and (c) Mr. Buttolph's appointment as special counsel will be in the best interest of Applicant and Applicant's Estate.

4.

Applicant desires to employ Mr. Buttolph at the firm's ordinary rates for comparable work, plus reasonable expenses, subject to review by the Court. Mr. Buttolph has stated present fee rates of $400.00 per hour for attorneys and $100 per hour for legal assistants. Rates may be adjusted from time-to-time. Mr. Buttolph has received no prepetition retainer.

5.

Attached hereto and incorporated herein by reference is an Affidavit of John Earl Buttolph, Esq. offered in support of this Application.

WHEREFORE, Applicant prays that it be authorized to employ John Earl Buttolph, Esq. as special counsel for the matters described herein.

This 28th day of June, 2011.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

_____
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
Counsel for Debtor

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880

-3-

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 11-68463-MHM |
| LEE FAMOUS RECIPES, INC. ) | |
| ) | |
| Debtor. ) | CHAPTER 11 |
| ) | |

### AFFIDAVIT OF JOHN EARL BUTTOLPH

STATE OF CALIFORNIA)
COUNTY OF ORANGE)

**JOHN EARL BUTTOLPH**, being first duly sworn, deposes and says:

1.

I am an attorney admitted to practice in the State of California, Florida pro hac vice, and in the United States District Court for the Northern District of Georgia. I make this Affidavit in support of the Application of Lees Famous Recipes, Inc. (the "Debtor") to retain me as special counsel in this Chapter 11 case. This Affidavit is intended to provide the disclosures required by Rule 2014 of the Federal Rules of Bankruptcy Procedure.

2.

My office address is 5020 Campus Drive, Newport Beach, California.

3.

To the best of my knowledge, information and belief, I do not have any connection with the Debtor, its creditors, any other party in interest herein, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except that:

(a) Prior to the commencement of this Chapter 11 case and beginning in February 2009, I served as the Debtor's principal outside counsel and represented the Debtor with

-4-

respect to a wide variety of legal matters. From February 1, 2009 until today's date, this representation has concentrated primarily in the following areas:

    (i) representing the Debtor as the franchisor as to state and federal regulatory compliance; enforcement of existing franchise agreements and collection of royalties; management and disposition of advertising fund; maintenance of Debtor's intellectual property; prosecution of infringement actions; domestic and international licensing and franchise agreements;

    (ii) preparing loan documents and closing commercial loan transactions involving loans to the Debtor from various private lenders,

    (iii) representing the Debtor as a borrower in several commercial loan transactions involving loans from Coastal Bank and Trust, a lender based in Florida, the principal amounts of which totaled $6,000,000, the majority of which involved modifications and amendments to existing loan documents;

    (iv) representing Debtor as the seller in negotiations with prospective purchasers for sale of Debtor's assets, including due diligence and preparation of sale documents; and

    (v) providing ongoing general representation and general legal advice as to general corporate, finance and franchising matters, including providing necessary transactional background and other information and related communications with representatives of the Debtor and its general bankruptcy counsel, Scroggins & Williamson, as and when appropriate.

    (b) I have previously represented John Tsern as plaintiff in two matters: a contract dispute which terminated in 2008 and a personal injury matter which terminated in 2010. Mr. Tsern is a former officer of the Debtor who resigned more than a year ago, and he also may claim to be a creditor of the Debtor as a result of certain advances made. I have provided general legal advice as to corporate, finance, and operations to Debtor's parent Lees Holding Company Inc., and its subsidiaries Winners International Restaurants Franchise Services Inc., and Famous Recipe Company Operations LLC, currently Debtor in Possession in Chapter 11 Case No. 10-94027.

    (c) From time to time at the request of the parties involved, I acted as a legal intermediary or scrivener in preparation of various agreements and other business documents to which the Debtor is a party, the terms of which were previously agreed to by the parties, including, by way of illustration, documenting an agreement dated January 27, 2009, between Debtor's parent company and an investor group including John Tsern and acting until March 4, 2009 (when I was formally retained by Debtor's parent) in documenting a proposed investment (which was not closed).

    (d) I have reviewed the creditors identified on the List of Creditors Holding 20 Largest Unsecured Claims filed by the Debtor in its Chapter 11 case. I do not currently represent any of these creditors.

4.

To the best of my knowledge, I do not represent or hold any other interest that is currently adverse to the Debtor or the Debtor's estate with respect to the matters on which I would be engaged, and therefore meet the standards specified in Section 327 of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002 and am otherwise eligible for employment by the Debtor.

5.

I have received the following payments from the Debtor within the ninety days prior to the Debtor's filing its bankruptcy petition (on June 24, 2011):

| Month | Payment Date | Amount |
| --- | --- | --- |
| June | 6/22/11 | $12,850. |
|  | 6/16/11 | $11,250. |
| May | 5/23/11 | $14,300. |
| April | 4/13/11 | $10,725. |
| March | 3/10/11 | $14,130. |

6.

The Debtor has paid no pre-petition retainer. In consideration for the post-petition services to be rendered to the Debtor, subject to the approval of the Bankruptcy Court, I will be compensated for such services rendered at my standard hourly rates and will be reimbursed for

reasonable and necessary out-of-pocket expenses. My current standard hourly rate is $400 per hour, and the current standard hourly rate of my paralegal is $100 per hour. My standard hourly rates are subject to adjustment annually as of January 1 of each year.

7.

My routine policy with respect to expenses is to charge clients in all areas of practice for expenses, other than professional time, incurred in connection with each client's matter. The expenses charged to clients include, among other things, long distance telephone charges, regular and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research charges, and transportation costs. I believe that failure to seek reimbursement for these expenses would require me to increase my current hourly rates.

8.

I have not agreed to share any compensation or reimbursement paid under Section 503(b) of the Bankruptcy Code with any other person.

9.

Based on the foregoing, I submit that I am eligible for employment by the Debtor as special counsel pursuant to Section 327 of the Bankruptcy Code.

Dated: June 23, 2010
Newport Beach, CA

JOHN EARL BUTTOLPH

Sworn to and subscribed before
me this _____ of June ___, 2011.

_____
Notary Public

*Please see Attachment.*

State of California
County of __Orange__

Subscribed and sworn to (or affirmed) before me on this __24__ day of __June__, 20__11__, by __John Earl Buttolph__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)

QUYEN NGOC NGUYEN
COMM. # 1907947
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
COMM. EXPIRES OCT. 14, 2014

Signature _____

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **APPLICATION FOR APPROVAL OF EMPLOYMENT OF JOHN EARL BUTTOLPH, ESQ. AS SPECIAL COUNSEL TO DEBTOR** upon the Office of the United States Trustee by depositing same in the United States Mail in an envelope with adequate postage affixed thereto to assure delivery addressed as follows:

> Office of the United States Trustee
> 362 Richard Russell Building
> 75 Spring Street, S.W.
> Atlanta, Georgia 30303

This 28th day of June, 2011.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

/s/ J. Robert Williamson
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
Counsel for Debtor

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA  30303
(404) 893-3880

-8-