IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| LEE'S FAMOUS RECIPES, INC., ) | |
| ) | CASE NO.  11-68463-REB |
| Debtor. ) | |

## MOTION TO ESTABLISH PROCEDURES TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. SECTIONS 105(a) AND 363(b), (f) AND (m)

COMES NOW Lee's Famous Recipes, Inc. (the "Debtor"), by and through its undersigned counsel, and makes and files this Motion to Establish Procedures to Sell Real Property Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. Sections 105(a) and 363(b), (f) (the "**Motion**"), and in support thereof shows as follows:

### Introduction, Jurisdiction and Venue

1. On June 24, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor continues in the operation and management of its business as Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).  Venue of the case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105(a), and 363 of the Bankruptcy Code and Rules 2002, 6004, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure.

**Proposed Sale of Real Property**

4. Among the Debtor's assets are seven parcels of real property located throughout the state of Georgia (collectively, the "Properties," and each, a "Property"). The street addresses for each of the Properties are as follows:

   a. 1960 Bankhead Hwy NW, Atlanta, GA

   b. 3333 Main Street, College Park, GA

   c. 4840 Jonesboro Blvd. Connector, Forest Park, GA

   d. 590 McDonough Blvd., Atlanta, GA

   e. 599 University Ave., Atlanta, GA

   f. 2941 Lawrenceville Suwanee Rd., Suwanee, GA

   g. 1950 Hosea L. Williams Dr., SE, Atlanta, GA

5. Each of the Properties is a closed Mrs. Winners restaurant that has no ongoing operations and is not necessary for the Debtor's future operations.

6. The Properties were recently appraised at an aggregate value of approximately $2.2 million.

7. Each of the Properties is a potential drain on the Debtor's estate due to ongoing maintenance cost and property taxes. Accordingly, the Debtor wishes to sell each of the Properties as efficiently as possible in order to maximize their values.

8. Each of the Properties are subject to the following security interests:

   a. Coastal Bank and Trust, a division of Synovus Bank ("**Coastal**") asserts a first priority security interest in each of the Properties to secure the Debtor's obligations to Coastal under two promissory notes which have a collective current balance of approximately $1.7 million.

    b.    Customized Distribution, LLC ("CDI") asserts a second priority security interest in each of the Properties to secure the Debtor's obligations to CDI in an amount that CDI asserts totals approximately $1.15 million.

    c.    In addition, each of the Properties has accrued unpaid property taxes, which are estimated to be at least $300,000.00 in the aggregate.

9.    No other entity asserts a security interest in the Properties.

10.    Prior to the Petition Date, each of the Properties were owned by individual non-debtor limited liability companies that were affiliates of the Debtor. None of these special purpose entities had their own funds, and prior to the Petition Date the Debtor had funded expenses related to maintaining the properties for which the Debtor was owed approximately $60,000. The Properties were transferred to the Debtor just before the Petition Date in satisfaction of this indebtedness and in order to facilitate their sale and reduce the Debtor's obligations to Coastal and CDI.

11.    The Debtor has determined that the most likely way to maximize the sale value of the Properties is through a combination of auction and private sales.

12.    To this end, by separate application, the Debtor has sought to retain a firm that specializes in both real estate auctions and private sales.

13.    The Debtor proposes setting an auction date for the sale of the Properties to be held on or before September 30, 2011 (the "Auction").

14.    The Auction would be an "absolute auction," with no minimum bid.

15.    The proposed terms of the Auction are set forth below:

    a.    All bidders will be required to present a set amount initial deposit in certified funds, cash or prior wire transfers or alternatively a credit card approved cash hold of

$5,000.00 in order to be deemed eligible to submit a bid. Upon qualification the bidders may participate in the live auction by coming to the auction site or bidding by telephone or internet;

b.  Winning bidders would deposit a total of ten percent (10%) per property of the total purchase price at conclusion of the auction. All deposits will be held in the Seller's designated attorney escrow trust account until closing;

c.  All winning bidders would be committed to close escrow within a thirty-five (35) day time frame from the auction date or within fifteen (15) days of Court approval, whichever is longer;

d.  All sales would be on a cash for deed basis, therefore eliminating any financing or inspection contingencies after the auction;

e.  The Debtor would provide to the buyer at closing an owner's standard coverage title policy, and special warranty deed.

f.  All properties would be sold free and clear of all liens, claims and encumbrances, on an "as is & where is" basis, with no warranty or guarantee; additionally, terminology in the purchase agreement or bid form would provide for this disclaimer to survive the closing.

g.  The Debtor's closing costs will be limited to deed preparation, and title policy costs; the buyers will pay all other costs including closing fees, deed tax and recording fees;

h.  Any property taxes due in the year of the sale and closing would be paid by proration between the buyer and Debtor. Prior year unpaid taxes, assessments, penalties

or fines would be paid from proceeds of the sales and would not be assumed by any buyer; and

i. Additional terms may be implemented during the course of the marketing campaign to modify specific assets sales.

16. All sales at the Auction will be final, without the need for further approval of the Court.

17. If the Debtor receives an acceptable offer on any of the Properties prior to the Auction, it may pull any such Properties from the auction and sell them pursuant to private sales, subject to notice and approval of the Bankruptcy Court.

18. Any valid security interests in any Property sold will be divested from the Property and will attach to the proceeds of any sale of the Property in the same order and priority as existed in the Property; provided, however, that the Debtor would immediately pay any undisputed property taxes due on the Property upon the closing of the sale.

19. The Debtor believes the proposed sale procedures for the Properties are reasonable and proper under Section 363 of the Bankruptcy Code and in the best interest of the Debtor, its creditors and estate. Accordingly cause exists for approving the sale procedures.

20. The Debtor also seeks authorization to take any such action and to execute and deliver any and all required documents agreements and instruments as may be necessary advisable to effectuate the terms of the sale of the Properties and to convey the Properties to their respective purchasers.

## **Best Interests of the Estate**

21. The Debtor believes that the proposed sale procedures for the Properties are fair and reasonable and would enable the Debtor to significantly reduce its obligations to Coastal and CDI.

22.     Section 363(b) of the Bankruptcy Code provides that a debtor in possession, ". . . after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Under the prevailing case law, a sale under Section 363(b) requires that the Court "expressly find from the evidence presented . . . a good business reason" to approve the sale.  <u>Committee of Equity Security Holders v. Lionel Corp.</u> (<u>In re Lionel Corp.</u>), 722 F.2d 1063, 1071 (2d Cir. 1983).  Accord <u>Stephens Industries, Inc. v. McClung</u>, 789 F.2d 386, 389-90 (6th Cir. 1986);  <u>In re Titusville Country Club</u>, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

(f)  The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --

    (2)  such entity consents; or

    .  .  .

    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Section 363(f)(2 & (5)).

23.     The proposed sale of the Properties comports with Section 363(f)(2) of the Bankruptcy Code because either (a) all entities asserting valid interests in the Properties will consent to the proposed transaction or (b) such entities could be compelled to accept a money satisfaction of such interest in accordance with section 365(f)(5) of the Bankruptcy Code..

24.     In addition, Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. Section 105(a).  The purpose of Section 105(a) is to insure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of its

jurisdiction." 2 Collier on Bankruptcy, § 105.01, at 105-2 (15th ed. 1993).  Thus, this Court may exercise its equitable powers to grant the relief requested in this Motion.

25. Approval of the sale procedures contemplated herein will help facilitate the Debtor's ability to emerge from bankruptcy and satisfy its creditors.

### Waiver of 10-Day Stay on Closing

26. Bankruptcy Rules 6004(h) provides that an order authorizing the use, sale, or lease of property will be stayed for ten days after entry of such approval orders unless the court orders otherwise.  The Debtor requests that the Court order and direct that the order approving this Motion shall not be automatically stayed for ten days.

WHEREFORE, the Debtor respectfully requests entry of an Order (i) authorizing the Debtor to sell the Properties pursuant to the procedures set forth herein free and clear of all liens, claims and encumbrances of any nature; (ii) authorizing the Debtor to take such action and to execute and deliver all documents, agreements and instruments as may be necessary or advisable to transfer title to such Properties; and (iii) granting such other and further relief as the Court may deem just and proper.

This 22nd day of July, 2011.

SCROGGINS & WILLIAMSON, P.C.

 /s/  J. Robert Williamson
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616
Counsel for Debtor

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880

## CERTIFICATE OF SERVICE

This is to certify that on this date I served a true and correct copy of the attached **Motion to Establish Procedures to Sell Real Property Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. Sections 105(a) and 363(b), (f) and (m)** by causing same to be deposited in the United States Mail with adequate postage affixed thereon and addressed to the following persons:

| | |
|---|---|
| James Morawetz<br>Office of the United States Trustee<br>75 Spring Street, SW<br>362 Richard Russell Federal Building<br>Atlanta, GA  30303 | David Wender<br>Alston & Bird<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA  30309 |
| Coastal Bank & Trust<br>71 NE Beal Pkwy.<br>Fort Walton Beach, FL  32548 | John Christy<br>Schreeder Wheeler & Flint<br>1100 Peachtree Street, NE<br>Suite 800<br>Atlanta, GA  30309 |
| Customized Distribution LLC<br>5545 Shawland Road<br>Jacksonville, FL  32254 | Henry Sewell<br>McKenna Long & Aldridge<br>303 Peachtree Street, NE<br>Suite 5300<br>Atlanta, GA  30308 |

This 22nd day of July, 2011.

SCROGGINS & WILLIAMSON, P.C.

 /s/  J. Robert Williamson
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
J. HAYDEN KEPNER, JR.
Georgia Bar No. 416616
Counsel for Debtor

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880